PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>          v.<br><br>ANDREW SATARIANO,<br><br>              Defendant. | CASE NO. 1:21-CR-00295-JLT SKO<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 7, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on December 7, 2022 in front of the Honorable Sheila K. Oberto, U.S. Magistrate Court Judge. The parties stipulate and request to continue the status conference to February 15, 2023 at 1:00 p.m. Counsel needs additional time to review discovery, conduct additional investigation, and engage in additional discussions with the government and work towards a potential plea agreement.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight

1

and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay."  Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

1    September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
2    similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

3            In light of the societal context created by the foregoing, this Court should consider the following
4    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
5    justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date
6    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
7    pretrial continuance must be "specifically limited in time").

8                                          **STIPULATION**

9            Plaintiff United States of America, by and through its counsel of record, and defendants, by and
10   through defendants' counsel of record, hereby stipulate as follows:

11           1.      Defense counsel needs additional time to review discovery, conduct additional
12   investigation, and engage in additional discussions with the government and work towards a potential
13   plea agreement.  Since the last continuance, the parties have engaged in further plea negotiations and
14   discussions regarding resolution, and the government revised a prior plea agreement sent to defendant.
15   Defense needs additional time to review the revised plea agreement and conduct any additional
16   investigation warranted as a result of that.

17           2.      By this stipulation, defendants now move to continue the December 7, 2022 status
18   conference to February 15, 2023 and to exclude time from December 7, 2022 to February 15, 2023
19   under Local Code T4.

20           3.      The parties agree and stipulate, and request that the Court find the following:

21                   a)      The government has represented that the discovery associated with this case
22   includes investigative reports, videos, photos, and related documents in electronic form.  All of
23   this discovery has been either produced directly to counsel and/or made available for inspection
24   and copying.

25                   b)      The parties have engaged in further plea negotiations and discussions regarding
26   resolution, and the government revised a prior plea agreement sent to defendant.  Defense needs

27
28   _____
             [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

additional time to review the revised plea agreement and conduct any additional investigation warranted as a result of that.

c)     The government does not object to the continuance.

d)     In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendants ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendants needs additional time to review discovery, conduct additional investigation, and work towards a potential plea agreement; and

e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 7, 2022 to February 15, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[Remainder of page intentionally left blank.]**

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    IT IS SO STIPULATED.

5

6   Dated:  November 14, 2022                    PHILLIP A. TALBERT
                                                 United States Attorney

7

8                                                /s/ KIMBERLY A. SANCHEZ
                                                 KIMBERLY A. SANCHEZ
9                                                Assistant United States Attorney

10  Dated: November 14, 2022                     /s/ Steven L. Crawford
                                                 Attorney for Defendant
11                                               ANDREW SATARIANO

12

13

14                                  **ORDER**

15    IT IS SO ORDERED that the status conference is continued from December 7, 2022, to **February**

16  **15, 2023, at 1:00 p.m. before Magistrate Judge Sheila K. Oberto**.  Time is excluded pursuant to 18

17  U.S.C.§ 3161(h)(7)(A), B(iv).

18  IT IS SO ORDERED.

19    Dated:   **November 15, 2022**          /s/ Barbara A. McAuliffe

20                                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28